IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **QIAOXI MA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"**<br><br>**Defendants.** | Case No. 1:25-cv- 2284  (PTG/LRV) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR SERVICE OF THE COMPLAINT BY EMAIL**

Plaintiff Qiaoxi Ma ("Plaintiff") by counsel, and pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, submits this Memorandum of Law in Support of his *Ex Parte* Motion for Service of the Complaint by Email, in support of Plaintiff's Motion for Entry of a Temporary Restraining Order.

**I.      Introduction and Summary of Action**

This action seeks to stop the online sale of knock-off goods and patent infringement by Defendants, as identified on Schedule A of the Verified Complaint (collectively, the "Defendants"), which on information and belief, the majority are originally manufactured in China. In the Verified Complaint [Docket No. 1], Plaintiff filed against Defendants for patent infringement  pursuant to the Federal Patent Act, 35 U.S.C. § 101, et seq.

**II.     Service of Process by Email is Warranted in This Case**

1

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order allowing service of process by electronically sending the Complaint and summonses, the TRO Order, and other relevant documents via Defendant's authenticated registration email that will be produced by third-party platforms including Amazon.com in response to early discovery. Plaintiff submits that providing notice via e-mail is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have not provided names and physical addresses in the public contact information to their respective third-party online webstores; (2) on information and belief are all or nearly all sellers based in China, and (3) the sellers and the online platforms rely primarily on electronic communications to communicate with customers and the online sales platforms, demonstrating the reliability of this method of communication by which the Defendants may be apprised of the pendency of this action. Plaintiff respectfully submits that an order allowing service of process via e-mail in this case will benefit all parties and the Court by ensuring that the Defendants receive immediate notice of the pendency of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve the Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a remedy.

Despite not providing reliable physical contact information directly to consumers, the Defendants must generally utilize email so that they may communicate with consumers and Amazon.com regarding issues related to the purchase and shipment of products. Moreover, it is necessary for merchants who operate entirely online to maintain contact with the Webstore host

to ensure they are functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id*. at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id*. Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).

In the instant matter, Plaintiff proposes using Outlook.com or other email applications with valid proof of authorship, content, and delivery of an email, as well as the official time and date that the email was sent and received. While none of the Defendants have disclosed their authenticated physical mailing addresses, they normally have their email verified by Amazon or other platforms in order to conduct online business. Due to Defendants' purposeful anonymity and Plaintiff's inability to ascertain reliable physical addresses, service by email, with confirmation of delivery by email is most likely to provide Defendants with proper notice of this action and Plaintiff's claims. Therefore, Plaintiff respectfully submits that an order authorizing alternative service benefits all parties and the Court by ensuring that Defendants receive

3

immediate notice of the pendency of this action following the lockdown of their financial assets. In that way, the action can move forward expeditiously.

Courts in this District have routinely granted such request to serve the complaint by email for Schedule A type cases with foreign defendants. *See* TRO Order *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1560 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 11 (granting service by email); TRO Order *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 14 (granting same); TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:24-cv-0958 (E.D. Va. Jun. 21, 2024) (MSN/LRV), ECF No. 20 (granting same); Preliminary Injunction Order, *Shenzhen Ke Xiu Technology Co. Ltd, v. The Unincorporated Ass'ns*, No. 1:24-cv-1465 (E.D. Va. Aug. 21, 2024) (CMH), ECF No. 14 (granting same).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court permit service of the Verified Complaint and TRO Order by the Defendants' verified email addresses.

Date: December 15, 2025

Respectfully submitted,

___/s/___ Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac vice pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

5